IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOMMIE H. TELFAIR, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 18-3842 (JBS-AMD) |
| JOHN POST, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Tommie Telfair, Plaintiff Pro Se
#28440-050
Fort Dix
5841
Federal Correctional Institution
Inmate Mail/Parcels
East: PO Box 2000
Fort Dix, NJ 08640

Craig Carpenito, United States Attorney
Daniel J. Gibbons, Assistant United States Attorney
Office of the United States Attorney
970 Broad Street
Newark, NJ 07102
Attorneys for John Post, Gregory Hilton, and Matthew Greimal

**SIMANDLE, U.S. District Judge:**

I.   **INTRODUCTION**

Before the Court is a motion to dismiss Plaintiff Tommie
Telfair's ("Plaintiff") civil rights complaint filed by
defendants John Post, Gregory Hilton, and Matthew Greimal.
Telfair is an inmate presently confined at FCI Fort Dix, New
Jersey, serving a sentence of imprisonment imposed upon

convictions in the District of New Jersey in *United States v. Telfair*, Cr. No. 08-0757 (DMC), *aff'd* App. No. 11-3456 (3d Cir. Dec. 12, 2012). Defendants removed the complaint from state court and now move to dismiss it under Federal Rule of Civil Procedure 12(b)(6). Motion to Dismiss, Docket Entry 4. They further argue that Plaintiff is precluded from filing his claims based on an order entered by former Chief Judge Brown in one of Plaintiff's prior civil actions. *See Telfair v. Office of the U.S. Attorney*, No. 10-2958 (D.N.J. administratively terminated Dec. 14, 2011).

However, there are two issues the Court must determine before it can decide the motion to dismiss. First, it must determine whether it must recuse itself from this lawsuit as Plaintiff has named three judges of this District as defendants. If recusal is not required, it must next determine whether the suit was properly removed from state court as Plaintiff has objected to removal and requests a remand to state court. Only after deciding these two issues may the Court consider the motion to dismiss.

If the case was properly removed, the Court has an independent obligation to screen complaints filed by prisoners "seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. This section makes no distinction between complaints filed in federal

2

court or those filed in state court and removed to federal court. Thus, the Court must also consider whether the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted against the other defendants named in the complaint.

## II. BACKGROUND

Plaintiff filed a complaint in the New Jersey Superior Court, Law Division, Essex County alleging constitutional violations by various state and federal officials including defendants Post, Hilton, and Greimal, who are agents with the Drug Enforcement Administration ("DEA"), Mario Recinos, Joseph Thompson, John Disanto, Michael Pedicini, Antonio Rodriguez, Wilfredo Perez, John Azzarello, Pablo Gonzalez, Erica Silva, J. Ortiz, L. Corino, Ferrerina, B. Homes, the State of New Jersey, James Kimball, Craig Ford, Carlos Antigua, Carlito Antigua, United States District Judge Esther Salas, Judge Patty Shwartz, former United States District Judge Dennis Cavanaugh, Joseph N. Minish, Paul B. Matey, and Brian L. Urbano. He also names 1-50 unknown local, state, and government officials; 1-50 unknown defendants acting under color of law; and 1-50 unknown law enforcement defendants. Parties ¶¶ 7-9. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff alleges he was "kidnapped, human trafficked, expatriated, forced into involuntary servitude labor and exiled from the state of New Jersey's personal jurisdiction" on January 23, 2007. Complaint ¶ 1. He states he received a phone call from a family member asking about meeting Plaintiff at the hospital where Plaintiff was going to have his back and hand examined. *Id.* ¶ 3. Before Plaintiff could leave for the hospital, DEA Agent Post arrived at Plaintiff's location and told Plaintiff to come with him. *Id.* ¶¶ 4-5. Post handcuffed Plaintiff, causing further injury to Plaintiff's hand in the process. *Id.* ¶ 5. Post and other DEA agents then "executed an unlawful intrusion upon the property." *Id.* Post then attempted to get Plaintiff to wear a wire and become an informant, but Plaintiff refused. *Id.* ¶ 6. Post allegedly started threatening Plaintiff's family members after Plaintiff refused to become his informant. *Id.* Post and the other agents then allegedly began placing Plaintiff's personal belongings into their van, all the while threatening Plaintiff. *Id.* ¶ 7. Post and the other agents allegedly forced Plaintiff into their van. *Id.* Post continued to tell Plaintiff that he would "kidnap" Catrina Gatling, stating that unless Plaintiff "admit[ted] to the crimes or [became] an informant, she's getting picked up." *Id.*

Plaintiff claims that the DEA agents took Plaintiff to a secret location in order to force him to become their informant

using his medical condition and Ms. Gatling as leverage. *Id.* ¶ 8. Plaintiff asked for an attorney and told the agents that his and Ms. Gatling's children would be waiting for her, but Post said "f**k your wife and kids, you should have thought of them." *Id.* Plaintiff alleges the agents engaged in a variety of offenses, including fabrication of crime scene evidence, bribing of confidential witnesses to fabricate evidence against Plaintiff, threats against Plaintiff, using Plaintiff's cell phone and car, pretending to be Plaintiff's cousin while engaging in illegal activities, fabricating phone records to use at trial, withholding discovery material, falsely telling the jury Plaintiff confessed to the crimes, and holding Plaintiff out to be a drug dealer. *Id.* ¶ 9. The agents allegedly would not permit Plaintiff to call an attorney, saying that Ms. Gatling would go to jail if they had to stop questioning Plaintiff. *Id.* ¶ 10. Plaintiff alleges Ms. Gatling signed a plea agreement in order to avoid a long prison sentence that could cost her custody of her children. *Id.*

Plaintiff alleges he and Ms. Gatling lost their careers, homes, businesses, and other property, and have been wrongfully incarcerated as a result of defendants' unlawful actions. He seeks monetary damages from all defendants and injunctive relief in the form of "an injunctive order enjoining and prohibiting the continual captivity, control, unlawfully obtained personal

jurisdiction being exercised upon Plaintiff['s] life, liberty, and property. . . ." Relief ¶ 8.

## III. ANALYSIS

### A. Recusal

"When a judge or judicial nominee is named as a defendant and his credibility or personal or financial interests are at issue, all judges of the same district should recuse, unless the litigation is patently frivolous or judicial immunity is clearly applicable." Judicial Conference of the United States, Committee on Code of Conduct for United States Judges, Compendium of Selected Opinions § 3.6-6[1](b) (2017). *See also* 28 U.S.C. § 455.

Because Petitioner named three judges of this Court defendants in his complaint, Judge Esther Salas, Judge Patty Shwartz,[1] and former Judge Dennis Cavanaugh, this matter was reallocated from the Newark Vicinage to the Camden Vicinage pursuant to this Court's January 13, 1994 Standing Order which requires that, in all cases where a judge of this Court is named as a party, the matter shall be assigned to a judge sitting in a different vicinage of this Court than the one in which the named

---

[1] Judge Shwartz is now a sitting judge of the United States Court of Appeals for the Third Circuit, but Plaintiff's complaint appears to concern her time as a Magistrate Judge for this District. Likewise, Judge Salas was a Magistrate Judge assigned to Plaintiff's criminal matter prior to her elevation.

judge sits. Judges Shwartz and Salas sit in Newark, as did Judge Cavanaugh prior to his retirement. Pursuant to § 3.6-6 and the standing order, this Court need not recuse if the assigned judge determines the matter to be patently frivolous or if judicial immunity is plainly applicable, but the Court must request designation of a judge from outside of this District pursuant to 28 U.S.C. § 292(b) in the event the matter is neither frivolous nor subject to judicial immunity. This is a specific application of the broader ethical requirement that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).[2]

The Court finds that Plaintiff's claims against the judicial defendants are clearly barred by judicial immunity. "It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. at 11, 9, 112 S. Ct. 286 (1991)). "A judge will not be deprived of immunity because the action he [or she] took was in error, was done maliciously, or was in excess of his [or her]

---

[2] The undersigned also acknowledges that recusal would be mandatory where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The undersigned has no such personal knowledge or bias, is unfamiliar with Plaintiff's prior cases beyond the public docket and has not discussed this case with any of the defendants.

authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000) ("[I]mmunity will not be lost merely because the judge's action is 'unfair' or controversial."). "A judge is absolutely immune from liability for his [or her] judicial acts even if his [or her] exercise of authority is flawed by the commission of grave procedural errors." *Stump*, 435 U.S. at 359.

"[Judicial] immunity is overcome in only two sets of circumstances." *Mireles*, 502 U.S. at 11. "First, a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity." *Id.* In determining whether an act qualifies as a "judicial act," courts look to "the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.,* whether they dealt with the judge in his [or her] judicial capacity." *Stump*, 435 U.S. at 362. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

Plaintiff's claims against the judicial defendants arise from his criminal proceedings, *United States v. Telfair*, Mag. No. 06-3133, and Crim Nos. 07-0272 and 08-757 (D.N.J.).[3] He

---

[3] The earlier criminal case against Plaintiff in Crim. No. 07-0272 was dismissed without prejudice due to a violation of the Speedy Trial Act. *Id.*, Docket Entry 64. The Court notes that a jury found Plaintiff guilty of conspiracy to distribute and

alleges the judicial defendants permitted false evidence to be
introduced at trial, abused their government power and
authority, and generally breached their constitutional duties
towards Plaintiff. Complaint § E (8). Plaintiff's allegations of
bad faith and conspiracy do not deprive the judicial defendants
of their immunity as judicial immunity is not overcome by
allegations of bad faith or malice. *Mireles*, 502 U.S. at 11. As
Plaintiff's complaint concerns the judicial defendants' actions
in their judicial capacities as magistrate and district judges
during Plaintiff's criminal proceedings, they are absolutely
immune from suit.[4] All claims against the judicial defendants
will be dismissed with prejudice.

---

possess with intent to distribute heroin, as well as
distribution and possession with intent to distribute heroin,
after a trial before Judge Cavanaugh, who imposed a sentence of
240 months concurrently on each count in November 2011, which
was affirmed on appeal in 2012. *See United States v. Telfair*,
Crim. No. 08-757, Docket Entries 95, 98.

[4] Judicial immunity does not bar prospective injunctive relief
against a judicial officer acting in his or her judicial
capacity, however. *See Pulliam v. Allen*, 466 U.S. 522, 542
(1984). However, the type of injunctive relief sought by
Plaintiff, orders prohibiting his "continual captivity," is not
cognizable in a *Bivens* action. Plaintiff would have to seek this
relief in a habeas proceeding as it would affect the fact or
length of his sentence or confinement. *See Preiser v. Rodriguez*,
411 U.S. 475, 500 (1973). Designation of the matter under 28
U.S.C. § 292(b) and the 1994 Standing Order is therefore not
necessary because Plaintiff has not stated a potentially
meritorious claim against any of the judicial defendants. The
Court's grant of leave to amend does not include any injunctive
relief against the judicial defendants as the proper procedure
if Plaintiff seeks to preclude a judge from sitting in a future
case would be a motion for that judge's recusal, *see* 28 U.S.C. §

Because judicial immunity is clearly applicable to the claims raised in Plaintiff's complaint, Compendium § 3.6-6 and the Standing Order of January 13, 1994 do not require recusal.

**B. Propriety of Removal**

On April 9, 2018, Plaintiff filed a document captioned "Petition for Dismissal of Stranger's Filings in the Civil Suit of Citizen Tommie H. Telfair for Want of Jurisdiction Ab Initio." The Court considers this a motion for a remand back to the state court. Motion to Remand, Docket Entry 3. Plaintiff asserts removal was improper because counsel for defendants is not a defendant in the civil action and has not made an appearance in the Superior Court of New Jersey. *Id.* at 3. He further argues the state court had never issued summonses in connection with his suit and that defendants were never properly served with the complaint. *Id.* Finally, he argues the Court lacks subject matter jurisdiction over the complaint because there is no case or controversy present. *Id.* at 3-4.[5]

Plaintiff's motion to remand is without merit. The United States Attorney removed this matter from the state court under 28 U.S.C. § 2679, "which provides that once the Attorney General

_____

455, in the event one of the defendant judges is assigned to Plaintiff's case in the future.

[5] To the extent Plaintiff asserts there is no live case or controversy, the Court does not interpret this as an argument that Plaintiff believes there is no injury that can be redressed by the courts.

certifies that the employee-defendant was acting within the scope of his employment with the United States, 'any civil action or proceeding commenced upon such claim in a State Court shall be removed without bond at any time before trial'" to the appropriate district court. *Rivera-Carrion v. Miranda*, 529 F. Supp. 2d 296, 298 (D.P.R. 2008) (quoting 28 U.S.C. § 2679(d)(2)) (emphasis omitted). The Civil Division Chief of the U.S. Attorney's Office for the District of New Jersey has certified Post, Hilton, and Greimal were acting in the scope of their employment when the incidents giving rise to Plaintiff's complaint occurred.[6] Removal was therefore proper under § 2679 as the complaint was removed prior to trial in the state court. *See also Thompson v. Wheeler*, 898 F.2d 406, 409 (3d Cir. 1990).

The Court has subject matter jurisdiction over the complaint because Plaintiff raises claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, and the United States Constitution. "[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while

---

[6] The Attorney General has delegated certification authority to the United States Attorneys. 28 U.S.C. § 510; 28 C.F.R. § 15.4(a).

11

acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b)(1). This Court therefore has exclusive jurisdiction over Plaintiff's FTCA claims.

Plaintiff's motion for a remand back to the state court is denied without prejudice as the complaint was properly removed under 28 U.S.C. § 2679, and the Court has subject matter jurisdiction over the complaint. If all federal claims are adjudicated with finality, then Plaintiff may apply to have his then-remaining state law claims against state officials remanded to the Superior Court of New Jersey. Because Plaintiff is being given the opportunity to attempt to amend certain federal claims over which this Court would have federal question jurisdiction, remand at this present time would be premature.

## C. Motion to Dismiss

Having concluded recusal is not required and that the matter was properly removed to federal court, the Court will now address Defendants' motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Defendants argue the complaint is barred by res judicata and is a violation of an order of preclusion issued by former Chief Judge Garrett Brown in one of Plaintiff's prior civil matters.

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as

true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.,* 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted). "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." *Id.* at 790.

   *1. Estoppel*

Defendants argue the claims raised in the complaint are barred by the doctrines of claim and issue preclusion as "the claims and issues sought to be precluded are the same involved in the prior criminal proceeding, including the constitutionality of his arrest, interrogation and prosecution, and litigation in his post-conviction actions, and arise from the same set of facts, *i.e.,* Telfair's arrest, interrogation and conviction for heroin dealing." Motion at 18. Defendants argue that these "claims and issues were actually litigated in the criminal case and post-conviction and *habeas corpus* litigation and they were determined by a final and valid judgment." *Id.*

"Claim and issue preclusion serve similar purposes; both prevent litigation over issues that should have been or were actually decided in a prior suit in order to foster 'judicial economy, predictability and freedom from harassment' for litigants." *Sibert v. Phelan*, 901 F. Supp. 183, 186 (D.N.J. 1995). "Claim preclusion, formerly referred to as res judicata, bars a claim litigated between the same parties or their privies in earlier litigation where the claim arises from the same set of facts as a claim adjudicated on the merits in the earlier litigation." *St. Louis v. Haller*, 215 F. Supp. 3d 307, 314 (D. Del. 2016) (citing *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 276 (3d Cir. 2014)). "For claim preclusion to apply, there must have been '[1] a final judgment on the merits in [2] a

14

prior suit involving the same parties or their privies, and [3] a subsequent suit based on the same cause of action.'" *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 172 (3d Cir. 2004) (quoting *General Elec. Co. v. Deutz Ag*, 270 F.3d 144, 158 (3d Cir. 2001)).

"[A] criminal prosecution necessarily involves a different cause of action and different parties than any subsequent civil suit, even though both proceedings may based on the same underlying incidents. Therefore, the doctrine of res judicata has no applicability in the subsequent civil action." *Murphy v. Andrews*, 465 F. Supp. 511, 512 (E.D. Pa. 1979). *See also Sibert*, 901 F. Supp. at 186 ("It is manifest that a defendant may not assert a civil counterclaim in the context of a criminal proceeding . . . ."); 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4474 (2d ed.) ("Claim preclusion does not extend from criminal prosecutions to civil actions.").

Issue preclusion, or collateral estoppel, will apply where "(1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question." *Bd. of Trustees of Trucking*

15

*Employees of N. Jersey Welfare Fund, Inc. - Pension Fund v. Centra*, 983 F.2d 495, 505 (3d Cir. 1992). "[I]ssue preclusion does apply 'in cases in which a convicted defendant sues the government on a claim that is inconsistent with facts established by the conviction.'" *Sibert*, 901 F. Supp. at 186 (quoting Federal Practice & Procedure § 4474). *See also Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 568 (1951).

"[T]o determine the collateral estoppel effect of a criminal judgment, the court in a subsequent civil action should ascertain what was decided in the criminal case by examining the record, the pleadings, the evidence submitted, and any judicial opinions issued in the case." *Sec. & Exch. Comm'n v. Dimensional Entm't Corp.*, 493 F. Supp. 1270, 1274 (S.D.N.Y. 1980) (citing *Emich Motors Corp*, 340 U.S. at 569; *United States v. Podell*, 572 F.2d 31, 36 (2d Cir. 1978)). Defendants have not provided this information to the Court as part of their motion. The Court is therefore unable to determine which of the issues raised in the complaint, if any, Plaintiff is estopped from challenging as a matter of law.

*2. Preclusion Order*

To the extent Defendants argue the complaint violates a preclusion order issued by former Chief Judge Brown in one of

Plaintiff's prior civil rights actions,[7] their argument is meritless.

While his criminal case was ongoing, Plaintiff filed a "grievance form" against the United States Attorney's Office alleging various actions taken against Ms. Gatling. *Telfair v. Office of the U.S. Attorney*, No. 10-2958 (D.N.J. filed June 7, 2010). Chief Judge Brown dismissed the grievance for lack of standing, and Plaintiff moved for reconsideration. In addressing Plaintiff's reconsideration motion, the court set forth in detail Plaintiff's civil ligation history in *Telfair v. Tandy*, 08-0731 (D.N.J. filed Feb. 7, 2008); *Telfair v. Holder*, No. 10-0048 (D.N.J. dismissed Feb. 24, 2010); and *Telfair v. Holder*, 09-2806 (D.N.J. administratively terminated June 25, 2009). *In re Telfair*, 745 F. Supp. 536, 543-49 (D.N.J. 2010), *vacated in part sub nom. Telfair v. Office of U.S. Attorney*, 443 F. App'x 674 (3d Cir. 2011). The court concluded that the filing was "a disguised attempt to relitigate, before this Court, the matters that were adjudicated by other Judges in the District" and stated "that to the extent Telfair wishes to challenge his criminal conviction or his upcoming penal sentence, these

---

[7] As noted by Defendants, Plaintiff has an extensive litigation history in the District of New Jersey. The Court takes judicial notice of the public records of Plaintiff's litigation history and sets forth a brief recitation in order to provide the context for Chief Judge Brown's preclusion order and why it is not a valid reason to dismiss the complaint.

challenges can be raised only by means of direct appeal or by filing a habeas application, pursuant to 28 U.S.C. § 2255." *Id.* at 559.

After a lengthy discussion of the claims raised in the "grievance form," Chief Judge Brown concluded that "[i]n light of the multitude, volume and content of Telfair's submissions in this matter and in [his civil filings], this Court must select a proper means to control Telfair's litigation practices." *Id.* at 581. To that end, the court issued the order requiring Plaintiff to seek leave of the presiding judges before making any pro se submission in his currently pending cases. The order also required Plaintiff to obtain permission from the Clerk before filing any new civil actions while proceeding pro se and *in forma pauperis*. Complaints alleging imminent danger and motions under 28 U.S.C. § 2255 were exempted from the order. *Id.* at 585-87. *See also* Motion to Dismiss Exhibit 2.

On appeal, the Third Circuit vacated the limited order of preclusion. Although the court of appeals agreed that "Telfair's litigation practices likely constitute[d] an abuse of the judicial system, warranting a limitation on his access to the courts," it found Plaintiff had not been given sufficient notice and a chance to answer before the district court entered the preclusion order. *Telfair*, 443 F. App'x at 677. It remanded for further proceedings in the district court.

The preclusion order entered by Chief Judge Brown was vacated by the Third Circuit and was never reinstated after the remand.[8] Even if the order had not been vacated on appeal, it would not apply to the current action because Plaintiff did not file the current action in federal court. The order placed no restrictions on his state court filings.

The motion to dismiss is denied.

**D. Review Under 28 U.S.C. § 1915A**

Although the Court will not dismiss the complaint on Defendants' motion, it must still consider whether dismissal is warranted under the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA").

Per the PLRA, district courts must "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Because Plaintiff is a prisoner seeking redress from government officials, the Court must sua sponte dismiss any

---

[8] Judge Martini stayed and administratively terminated one of Plaintiff's complaints pending the result of his criminal trial. *Telfair v. Tandy*, 08-0731(D.N.J. order of administrative termination July 28, 2011). The order also required Plaintiff to show cause why the order of preclusion should not be enacted, but it does not appear that a preclusion order was entered thereafter.

claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief even though this matter was removed from state court and Plaintiff is not proceeding *in forma pauperis*. 28 U.S.C. § 1915A(b)

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[9] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, they "still must allege

---

[9] "[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

On the whole, Plaintiff's complaint fails to state a claim upon which relief may be granted. Except for his claims against Post and the other DEA agents, the complaint lacks any factual support for his allegations even after giving him the benefit of all reasonable inferences and liberal construction owed to pro se plaintiffs. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is especially true of his fraud claims, which have a heighted pleading standard. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997) ("Rule 9(b)'s heightened pleading standard gives defendants notice of the claims against them, provides an increased measure of protection for their reputations, and reduces the number of frivolous suits brought solely to extract settlements.").

Plaintiff's generalized allegations of constitutional violations and tortious conduct are not enough to state claims under *Iqbal*'s pleading standards. The complaint is therefore

subject to dismissal for failure to state a claim because
Plaintiff does not provide sufficient facts for the Court to
plausibility infer defendants' liability.

In addition to failing to meet the pleading standards under
*Iqbal*, the complaint contains the following deficiencies.

*1. Claims on Behalf of Gatling*

Plaintiff purports to file this complaint on behalf of
himself and Ms. Gatling. Complaint ¶ 11. Ms. Gatling has not
signed the complaint and there is no indication she is even
aware it has been filed. As Chief Judge Brown previously told
Plaintiff when he tried to raise claims on Ms. Gatling's behalf,
"under the 'next friend' doctrine, standing is allowed to a
third person only if this third person could file and pursue a
claim in court on behalf of someone who is unable to do so on
his/her own." *In re Telfair*, 745 F. Supp. 2d 536, 560 (D.N.J.
2010), *aff'd in part, vacated in part sub nom. Telfair v. Office
of U.S. Attorney*, 443 F. App'x 674 (3d Cir. 2011).

The Supreme Court has set forth two requirements for
asserting "next friend" standing: "(a) 'the next friend must be
truly dedicated to the best interests of the person on whose
behalf [(s)he] seeks to litigate' . . .; and (b) 'the next
friend must provide an adequate explanation — such as
inaccessibility, mental incompetence, or other disability — why
the real party in interest cannot appear on his [/her] own

behalf to prosecute the action.'" *Id.* (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)) (alterations in original). "The burden is on the 'next friend' to justify his/her status and, thereby, to obtain the jurisdiction of the federal courts." *Id.*

Giving Plaintiff the benefit of the doubt on the first requirement, there is no indication Ms. Gatling is somehow unable to appear on her own behalf. Plaintiff therefore lacks standing to pursue this complaint on her behalf, and all of the claims purportedly brought on behalf of Ms. Gatling are dismissed for lack of standing.

*2. Federal Tort Claims Act*

The complaint raises claims under FTCA, *see* Complaint § H, which may only be brought against the United States. *See* 28 U.S.C. § 2679(b)(1); *Osborn v. Haley*, 549 U.S. 225, 229 (2007) ("The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties."); *Lomando v. United States*, 667 F.3d 363, 378 (3d Cir. 2011) (citing H.R. Rep. No. 100-700, at 6, 1988 U.S.C.C.A.N.

5945 at 5950).[10] The FTCA claims are dismissed with prejudice as to all defendants other than the United States.

Before filing a suit in federal court, a plaintiff suing under the FTCA must present the offending agency with notice of the claim, including a "sum certain" demand for monetary damages. *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 457 (3d Cir. 2010). "Because the requirements of presentation and a demand for a sum certain are among the terms defining the United States's consent to be sued, they are jurisdictional." *Id.* (citing *United States v. Sherwood*, 312 U.S. 584, 587 (1941)). These requirements cannot be waived. *Id.* (citing *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971)). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015). Exhaustion occurs when either the agency denies the claim, in which case plaintiffs must file suit within six months, or six months have passed without a written denial of the claim. 28 U.S.C. §§ 2401(b), 2675(a). The

---

[10] As noted previously, the Civil Division Chief for the United States Attorney's Office for the District of New Jersey has certified pursuant to 28 C.F.R. § 15.4(a) that Post, Hilton, and Greimal were acting within the scope of their employment at the time of the conduct alleged in the complaint. The Court shall therefore order the Clerk to add the United States as a defendant in this matter on the FTCA claims. 28 U.S.C. § 2679(d)(1).

exhaustion requirement is mandatory, jurisdictional, and is applicable to all FTCA plaintiffs regardless of their pro se or incarcerated status. *Shelton*, 775 F.3d at 569; *Wadhwa v. Nicholson*, 367 F. App'x 322, 325 n.5 (3d Cir. 2010) ("*McNeil* clarified that administrative exhaustion must be complete *before* instituting suit, and that this procedural rule is a requirement to which *all* litigants must adhere." (emphasis in original)). Here, Plaintiff's complaint is devoid of any indication he served the required notice of claim form. The Court therefore cannot ascertain it has jurisdiction over the FTCA claims and will dismiss the FTCA claims without prejudice.[11]

*3. Heck v. Humphrey*

Plaintiff's complaint raises claims against various federal and state officials and law enforcement officers under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for their roles in

---

[11] The Court further notes that Plaintiff's FTCA claims appear to be barred by the statute of limitations. "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). "[B]oth limitations periods under § 2401(b) must be satisfied in order for an FTCA complaint to be timely." *Seiss v. United States*, 792 F. Supp. 2d 729, 732 (D.N.J. 2011). If Plaintiff elects to amend his complaint and seeks to include FTCA claims, he may only include claims that satisfy both provisions of § 2401(b).

Plaintiff's federal arrest and subsequent conviction. He alleges defendants denied him an attorney, committed generalized fraud, fabricated evidence, lied at trial, failed to properly train their subordinates to avoid these violations, failed to intervene,[12] and generally conspired to "kidnap, human traffic, and expatriate" him as well as deprive him of his constitutional rights under the first Nineteen Amendments of the Constitution. *See* Complaint §§ D-I. These claims are presently barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that before a § 1983 plaintiff may "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

---

[12] To plead a failure to intervene claim, Plaintiff must plead facts indicating that: (1) the officer failed or refused to intervene when a constitutional violation took place in his presence or with his knowledge; and (2) there was a "realistic and reasonable opportunity to intervene." *Smith v. Mensinger*, 293 F.3d 641, 650-51 (3d Cir. 2002). Failure to intervene would be barred by *Heck* under this particular set of facts because success on this claim would mean Plaintiff has shown that defendants intended to deprive him of rights or knew about the deprivation of rights that would invalidate Plaintiff's convictions. *See Cook v. City of Phila.*, 179 F. App'x 855, 859 (3d Cir. 2006) (per curiam) (holding failure to intervene claims were barred by *Heck*). *See* Complaint § I.

determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id.* at 486-87; *see also Bronowicz v. Allegheny Cty.*, 804 F.3d 338, 346 (3d Cir. 2015) ("'[A] prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element.'" (alteration in original) (quoting *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009))). *Heck*'s holding has been applied to bar *Bivens* claims as well as § 1983 claims. *See Lora–Pena v. FBI*, 529 F.3d 503, 506 n.2 (3d Cir. 2008) (per curiam).

The Court takes judicial notice of the public record of Plaintiff's judgment of conviction entered on November 23, 2011. *United States v. Telfair*, No. 08-757 (D.N.J. Nov. 23, 2011), Docket Entry 95, *aff'd*, App. No. 11-3456 (3d Cir. Dec. 12, 2012). The Court also takes judicial notice of the public record of orders denying his motion under 28 U.S.C. § 2255. *Telfair v. United States*, No. 13-6585 (D.N.J. Feb. 17, 2016), Docket Entry 37; (Sept. 25, 2017) Docket Entry 59. The defendants in this matter are judges, defense attorneys, Assistant United States Attorneys, federal agents, state officers, and witnesses that were all involved in Plaintiff's arrest, trial, and appeal. Plaintiff's complaint makes general allegations of constitutional violations and contains very little in the way of actual facts, but from the facts presented it is clear that the

27

substance of the complaint is a challenge to the validity of his criminal conviction and would bring the validity of his conviction into question were he to succeed on the merits. In addition to the monetary damages, he asks the Court to issue permanent injunctive relief in the form of "an injunctive order enjoining and prohibiting the continual captivity, control, unlawfully obtained personal jurisdiction being exercised upon Plaintiff['s] life, liberty, and property. . . ." Relief ¶ 8.[13] This is a direct attack upon his conviction, which is unavailable under any civil cause of action brought in this case. As such, Plaintiff cannot bring the majority of the claims raised in his complaint unless and until his convictions have been overturned.

    *4. Denial of Medical Care*

    Portions of the complaint could also broadly be construed as alleging denial of medical care. Complaint § F. Plaintiff alleges unspecified defendants ignored his "paralysis, forcing [him] to endure massive aches, pains, and retaliatory treatment over time," Complaint § F (2), and he claims he failed to receive unspecified necessary treatment and surgeries, causing him to urinate blood, *id.* § D(9). Although not clear, the Court

---

[13] As stated *supra* note 4, this type of relief is not available in a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

presumes Plaintiff was a pre-trial detainee at the time of the alleged denial of care, meaning his claim would be analyzed under the Fourteenth Amendment. *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003).

The Due Process Clause of the Fourteenth Amendment "affords pretrial detainees protections at least as great as the Eighth Amendment protections available to a convicted prisoner . . . *Id.* (internal quotation marks omitted). Plaintiff must therefore provide facts in his complaint indicating "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Id.* at 582. Plaintiff's complaint does not provide sufficient facts for either of these elements. Plaintiff does not indicate how the named defendants, who do not appear to be officials in charge of providing medical care at the facilities where Plaintiff was detained, denied him medical care, what necessary treatment he was denied, what injury followed, and what facts support an inference of deliberate indifference. These claims are dismissed without prejudice.

*5. Municipal Liability*

Plaintiff also attempts to raise a claim of municipal liability,[14] Complaint § J, but it does not appear that he named

---

[14] *See generally Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

any municipality as a defendant. The State of New Jersey is not subject to municipal liability as it is immune from suit in federal court for money damages under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 will be dismissed without prejudice as well. "Section 1985(3) establishes a cause of action against any person who enters into a private conspiracy for the purpose of depriving the claimant of the equal protection of the laws." *Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980). In order to state a § 1985(3) claim, a plaintiff must allege:

> (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

*Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997), *as amended* (May 15, 1997). Plaintiff's complaint does not have sufficient facts for a plausible inference that any conspiracy was "motivated by a racial or class based discriminatory animus." As § 1986 claims require a preexisting violation of § 1985, the § 1986 claims will be dismissed without prejudice as well. *See Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994); *Rogin*, 616 F.2d at 696.

**E. Statute of Limitations**

Plaintiff raises claims of illegal search and seizure under the Fourth Amendment. To the extent they are based on the events of January 23, 2007, they are barred by the statute of limitations. Complaint § G(6).

"Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte . . . for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam). Section 1983 and *Bivens* claims are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010); *Hughes v. Knieblher*, 341 F. App'x 749, 752 (3d Cir. 2009) ("[T]he statute of limitations for *Bivens* claims is taken from the forum state's personal injury statute."). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

Plaintiff's illegal search and seizure claims accrued on the date of the search: January 23, 2007. *See Woodson v. Payton*,

31

503 F. App'x 110, 112 (3d Cir. 2012) (holding statute of limitations began on date when plaintiff "indisputably knew about the alleged faults of search and seizure"). Plaintiff's complaint was due on January 23, 2009 at the latest. He did not file the complaint in state court until August 3, 2017, eight years too late. As there are no grounds for equitable tolling of the statute of limitations, these claims are dismissed with prejudice as barred by the statute of limitations. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

Plaintiff's false arrest, false imprisonment, and pre-trial detention claims are likewise barred by the statute of limitations. "The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause." *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 913 (2017). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *O'Connor v. City of Phila.*, 233 F. App'x 161, 164 (3d Cir. 2007) (internal quotation marks and citation omitted). False arrest claims accrue at the time of arrest, and "[a] claim of false imprisonment accrues when a person is detained without legal process (the claims ends once that person is held pursuant to

legal process, such as when a person is bound over by a magistrate or arraigned on charges)." *LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (citing *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007)). A plaintiff may also bring a pre-trial detention claim under the Fourth Amendment for the time spent in custody up until the time of trial. "[O]nce a trial has occurred, the Fourth Amendment drops out: A person challenging the sufficiency of the evidence to support both a conviction and any ensuing incarceration does so under the Due Process Clause of the Fourteenth Amendment." *Manuel*, 137 S. Ct. at 920 n.8. Here, Plaintiff was arrested on January 23, 2007 and sentenced on November 23, 2011. Thus, any claims Plaintiff had under the Fourth Amendment became time-barred as of November 23, 2013 at the very latest, well before he filed his complaint in state court. These claims are dismissed with prejudice

## F. Criminal Statutes

Plaintiff also alleges violations of 18 U.S.C. § 1001 (false claims); 18 U.S.C. § 1512 (tampering with a witness, victim, or informant); 18 U.S.C. §§ 241, 242 (conspiracy to violate rights, deprivation of rights). Plaintiff cannot bring criminal charges in this Court; that power lies solely with the executive branch. *See Dicent v. Sears Holdings*, No. 3:17-CV-332, 2017 WL 1045066, at *5 (M.D. Pa. Feb. 27, 2017) (citing cases), *report and recommendation adopted*, No. 3:17-CV-00332, 2017 WL

1042470 (M.D. Pa. Mar. 17, 2017). *See also Sheehy v. Brown*, 335
F. App'x 102, 104 (2d Cir. 2009) (summary order) ("[C]laims
based on the violation of federal criminal statutes, such as 18
U.S.C. §§ 241-242[ ] . . . are not cognizable, as federal
criminal statutes do not provide private causes of action.")
These claims are dismissed as legally frivolous because they
lack "an arguable basis ... in law." *Neitzke v. Williams*, 490
U.S. 319, 325 (1989). 28 U.S.C. § 1915A(b)(1).

**G. State law claims**

To the extent the complaint raises state law claims, the
Court will exercise supplemental jurisdiction over the claims,
28 U.S.C. § 1367, but will dismiss for failure to state a claim,
28 U.S.C. § 1915A(b)(1). Plaintiff makes vague allegations of
intentional infliction of emotional distress and negligent
training and supervision by state officers and the State of New
Jersey. *See* Complaint § F.

"Under New Jersey law, liability may be imposed on an
employer who fails to perform its duty to train and supervise
its employees." *Stroby v. Egg Harbor Twp.*, 754 F. Supp. 2d 716,
721 (D.N.J. 2010) (citing *Tobia v. Cooper Hosp. Univ. Med. Ctr.*,
643 A.2d 1, 6 (N.J. 1994)). Negligent training and supervision
claims are "separate from a claim based on respondeat superior."
*Hoag v. Brown*, 935 A.2d 1218, 1230 (N.J. Super. Ct. App. Div.
2007). "An employer, however, is liable for negligent

supervision only if all the requirements of an action of tort for negligence exists." *Dixon v. CEC Entm't, Inc.*, No. A-2010-06, 2008 WL 2986422, at *18 (N.J. Super. Ct. App. Div. Aug. 6, 2008) (citing Restatement (Second) of Agency, § 213(c) cmmt. a (1957)).

Therefore to sufficiently plead negligent training and supervision claims, Plaintiff must set forth specific facts indicating (1) defendants owed a duty of care to plaintiff, (2) defendants breached that duty of care, (3) defendants' breach was the proximate cause of Plaintiff's injury, and (4) defendants' breach caused actual damages to Plaintiff. The complaint does not contain sufficient facts to meet *Iqbal*'s pleading standard for the negligence claims.

Plaintiff's intentional infliction of emotional distress claim is likewise insufficiently pled. "In order to state such a cause of action, 'plaintiff must establish intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe.'" *Taylor v. Metzger*, 509, 706 A.2d 685, 694 (N.J. 1998) (quoting *Buckley v. Trenton Sav. Fund Soc'y*, 544 A.2d 857, 863 (1988)). "For an intentional act to result in liability, the defendant must intend both to do the act and to produce emotional distress. Liability will also attach when the defendant acts recklessly in deliberate disregard of a high degree of probability that emotional distress will follow."

*Buckley*, 544 A.2d at 863 (internal citations omitted). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" and "the emotional distress suffered by the plaintiff must be so severe that no reasonable man could be expected to endure it." *Id.* (internal citations and quotation marks omitted).

Plaintiff has not provided sufficient facts to plausibly infer a cause of action against defendants. The state claims will be dismissed without prejudice along with the federal claims, and Plaintiff may attempt to amend them in an amended complaint by including additional facts to address the deficiencies in the elements of the causes of action.[15]

**H. Assorted Statutes**

Finally, Plaintiff cites assorted statutes that do not state a claim on which relief may be granted based upon the circumstances of the complaint. Plaintiff does not allege any

---

[15] Plaintiff is further advised that New Jersey's statute of limitations for tort actions is two years, N.J. STAT. ANN. § 2A:14-2(a), and Plaintiff must have provided public agencies and employees with notice of his tort claims within 90 days of the incident under the New Jersey Tort Claims Act. N.J. STAT. ANN. § 59:8-3. *See also* N.J. STAT. ANN. § 59:8-8. The notice requirement applies to common law intentional tort claims as well as negligent conduct. *Velez v. City of Jersey City*, 850 A.2d 1238 (N.J. 2004).

factual or legal basis to support claims under 42 U.S.C. §§ 1981, 1982, 1987, 1988; 28 U.S.C. §§ 1495, 2513; 34 U.S.C. § 12601;[16] or 5 U.S.C. § 702 et. seq. Accordingly, these claims will be dismissed for failure to state a claim.

## I. Leave to Amend

Generally, under the Prison Litigation Reform Act, "dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000). As Plaintiff may be able to plead facts supporting his denial of medical care and FTCA claims, the Court will grant leave to amend. Any claim for denial of medical care must name only the persons causing this deprivation and must address the deficiencies noted in Part III.D.4 above. Any claim under the FTCA may name only the United States as a defendant and must cure the deficiencies noted in Part III.D.2 above. Plaintiff may move to amend his complaint within 30 days of this opinion and order. Any motion to amend must include a proposed amended complaint which shall be subject to screening by this Court. No claim may be raised that arose more than two years before Plaintiff filed his Complaint in the Superior Court of New Jersey, which is believed to be August 3, 2017, unless Plaintiff alleges factual grounds to enlarge the

---

[16] Formally cited as 42 U.S.C. § 14141.

limitations period for equitable reasons. Plaintiff may not include claims that have been dismissed with prejudice in his amended complaint, nor any claim that has been litigated and dismissed in a prior case. No claims may be asserted on behalf of Ms. Gatling unless she represents herself or is represented by a lawyer, and the same limitations upon any amended complaint apply to Ms. Gatling as discussed above as to Mr. Telfair.

## V. CONCLUSION

For the reasons stated above, the motion of defendants Post, Hilton, and Greimal to dismiss and Plaintiff's motion to remand are denied. The claims against the judicial defendants (Judges Shwartz, Salas, and former Judge Cavanaugh), the illegal search claims for the January 23, 2007 search, and Plaintiff's criminal claims are dismissed with prejudice. The remainder of the complaint is dismissed without prejudice against all remaining defendants for failure to state a claim. This docket will be closed. Any proposed amended complaint must be submitted within 30 days and will be subject to preliminary screening under 28 U.S.C. § 1915A.

An appropriate order follows.

**June 20, 2018**                                   **s/ Jerome B. Simandle**
Date                                                JEROME B. SIMANDLE
                                                    U.S. District Judge